WILLOW R. HILLMAN    OSB #153514
E-mail: willow@willowhillmanlaw.com
LAW OFFICE OF WILLOW HILLMAN, LLC
541 Willamette Street, Suite 407C
Eugene, OR 97401
Phone :          (541) 735-3678
Fax:             (541) 485-7152

Of Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| EDGAR T. RODRIGUEZ | Civil No. |
| Plaintiff. | COMPLAINT<br>(Civil Rights/State Law/Damages) |
| vs. | |
| TIMOTHY HUNT, an individual,<br>MARK HUBBARD, an individual,<br>FAITH McCREADY, an individual,<br>and CITY OF EUGENE, a municipal<br>corporation. | DEMAND FOR JURY TRIAL |
| Defendants. | |

## I.    INTRODUCTION

1.     On Saturday, September 10, 2016, at approximately 12:51 am, Plaintiff Edgar Rodriguez was at home in his apartment with a girlfriend and an old friend. The old friend had invited himself and his new girlfriend over for a visit.  The old friend got highly intoxicated and began to engage in a very physical altercation with his girlfriend causing Mr. Rodriguez enough concern for his own safety and the safety of his other guest that he placed a call to 911 requesting help.  He spoke with the 911 dispatcher multiple times as the officers seemed to be having difficulty locating the apartment.  Meanwhile the fight continued to escalate and become more violent. Ultimately, Mr. Rodriguez grabbed a gun for his safety and walked through the fight

taking place in his apartment to his front door. Mr. Rodriguez opened the door and saw no sign of an police officers or vehicle and heard no sounds to indicate anyone was even close. He stepped out of his apartment and took a couple steps out on to the sidewalk when he heard what he thought was a neighbor yell "GUN" and then he was shot multiple times. Defendant Officers had been given a thorough description by the 911 dispatcher of the identity of the drunk and violent individual. Mr. Rodriguez's descriptors are exactly opposite of their suspects in every way. Defendant officers never identified themselves. They gave no warning that they were in the area and despite giving Mr. Rodriguez only a fraction of a second to comply with a command to drop the gun, which he did, they stepped out of the shadows and still with no warning of who they were, fired upon Mr. Rodriguez. After shooting Mr. Rodriguez a half dozen times, knowing he did not match the description of the individual they were looking for, defendant officers offered no apologies. Instead, defendants left Mr. Rodriguez to bleed out for minutes before getting him any medical attention. Defendants shooting of Mr. Rodriguez resulted in a serious hospital stay as a trauma patient, multiple surgeries, and lasting physical and emotional trauma. Pursuant to 42 USC §1983, Mr. Rodriguez alleges defendants violated his Fourth Amendment rights by subjecting him to excess force resulting in serious and substantial injury, as well as state law claims. He seeks awards of economic damages, non-economic damages, attorney fees and litigation expenses/costs against defendants.

## II. JURISDICTION & VENUE

2. This court has jurisdiction over plaintiff's federal claims by virtue of 28 USC §§1331 and 1343, and over plaintiff's state claims by virtue of 28 USC §1367.

3. Venue is in the District of Oregon pursuant to 28 USC §1391(b) because the claims arose in this judicial district.

4. Plaintiff properly served defendants with a tort claim notice within 180 days of the incident and has thereby satisfied the requirements of the Oregon Tort Claims Act, as specified in ORS 30.275(3)(c).

### III. PARTIES

5. EDGAR T. RODRIGUEZ ("Rodriguez") is a resident of Eugene, Oregon. At the time of the shooting he was a 26 year old, military veteran.

6. At all material times herein, defendant MARK HUBBARD was a CITY OF EUGENE police officer acting within the course and scope of his employment. Mark Hubbard is sued in his individual capacity only.

7. At all material times herein, defendant TIMOTHY HUNT was a CITY OF EUGENE police officer acting within the course and scope of his employment. Timothy Hunt is sued in his individual capacity only.

8. At all material times herein, defendant Faith McCready was a CITY OF EUGENE dispatcher acting within the course and scope of her employment. Faith McCready is sued in her individual capacity only.

9. At all material times herein, defendant CITY OF EUGENE ("Eugene") is a public body in the State of Oregon responsible under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct is at issue herein.

### IV. FACTS

10. At all material times herein, defendants acted under the color of state law.

11. On or about September 10, 2016, at approximately 12:51 am, Mr. Rodriguez was home with a friend he was dating at the time, and two out of town guests who had invited themselves over for a visit. Mr. Rodriguez's out of town guests became highly intoxicated and

*LAW OFFICE OF WILLOW HILLMAN*
*541 WILLAMETTE STREET, SUITE 407C*
*Phone: (541) 735-3678 Fax: (541) 485-7152*

began engaging in an escalating, physical altercation becoming extremely violent hand to hand combat.

12. Mr. Rodriguez made several unsuccessful attempts to break up the violent fight.

13. Fearing for his safety and the safety of the two females in the home, Mr. Rodriguez locked himself in a bathroom and placed a call to 911.

14. Defendant dispatcher took the call. Mr. Rodriguez told her he had a violent guest that was drunk, violent and out of control and begged for help.

15. Mr. Rodriguez told the dispatcher that there were weapons in the home but that he had ensured the out of control guest did not have access to them.

16. He begged the dispatcher to hurry, informed her the fight was escalating, that he was locked in the bathroom and that the front door was open, officers had permission to enter his home upon arrival.

17. Mr. Rodriguez gave the dispatcher a thorough description of his out of control guest, which she relayed to officers headed to the scene.

18. The dispatcher allowed Mr. Rodriguez to end the call.

19. Mr. Rodriguez directed the guest not engaged in the fight to go in his room and stay there.

20. The dispatcher called Mr. Rodriguez back and it seemed the responding officers were lost. Mr. Rodriguez clarified the location.

21. Mr. Rodriguez informed the dispatcher the fight had escalated enough that the only way he could stop the fight was with a weapon.

22. With the fight continuing to escalate out in the living room and knowing he would have to walk through the living to get to the front door.

23. Mr. Rodriguez went to his bedroom and retrieved a gun both, for his protection and to ensure it was not left for the out of control guest to get his hands on. Mr. Rodriguez headed to the front door.

24. He opened the door and looked out. It was still and silent. There were no lights, no sirens and no signs of responding officers.

25. With his gun in one hand, at his side, pointed at the ground, Mr. Rodriguez took several steps out of his front door to get a better look. If officers were lost, he could waive them in when they arrived.

26. As Mr. Rodriguez took those steps, from the shadows at the end of his building, he heard the word "gun" and then he was fired upon.

27. Knowing he had been shot, and was still being fired upon, Mr. Rodriguez went toward the nearest cover and collapsed.

28. Laying in a parking lot, Mr. Rodriguez pled for medical attention. He informed officers they had shot the wrong guy, that he was dying and that need he needed medical attention.

29. Minutes went by and nobody came to Mr. Rodriguez's aide as he bled out.

30. Mr. Rodriguez's girlfriend ultimately, exited the apartment and was detained for hours and questioned.

31. The couple that had been violently fighting was ultimately detained in another section of the apartment complex - attempting to flee the scene.

32. Mr. Rodriguez was taken to the Emergency Room at a nearby hospital where he underwent emergency surgery and remained in critical condition for several days.

33. As a result of defendants conduct, Rodriguez sustained substantial physical injuries and suffers severe emotional distress.

34. As a result of defendant's conduct, Mr. Rodriguez has suffered economic loss.

*LAW OFFICE OF WILLOW HILLMAN*
*541 WILLAMETTE STREET, SUITE 407C*
*Phone: (541) 735-3678   Fax: (541) 485-7152*

35. Defendants Hubbard and Hunt shot Mr. Rodriguez in the course of responding to his 911 call for help.

36. On information and belief, the City of Eugene's policies and practices, as applied to law enforcement and dispatchers, caused plaintiffs' injuries as described above.

37. A reasonable officer in the either officer's position should have known that the above described conduct violated plaintiffs' clearly established rights to safety and security.

## I. FIRST CLAIM FOR RELIEF
### (42 USC §1983 – Fourth Amendment Violation – Excessive Force Against Individual Defendant)

38. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

39. As described above, defendants Hunt and Hubbard violated Rodriguez's right not be subjected to excessive physical force, as guaranteed by the Fourth Amendment to the United States Constitution, which caused his resulting injuries.

40. As a result of the above, Rodriguez is entitled to economic and non-economic damages against defendants in amounts to be determined at trial.

41. Rodriguez should be awarded his attorney fees and litigation expenses/costs against defendants pursuant to 42 USC §1988.

## II. SECOND CLAIM FOR RELIEF
### (State Law Claim – Battery Against City of Eugene)

42. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

43. Defendants Hunt and Hubbard intentionally engaged in harmful or offensive contact with Rodriguez, and were acting in the course and scope of their employment when they shot Mr. Rodriguez.

*LAW OFFICE OF WILLOW HILLMAN*
*541 WILLAMETTE STREET, SUITE 407C*
*Phone: (541) 735-3678   Fax: (541) 485-7152*

44. Defendant City of Eugene is responsible for the tortious conduct of their employees, which caused the injuries to Mr. Rodriguez.

45. As a result of this battery, Mr. Rodriguez suffered damages as described above.

46. As a result of the above, Rodriguez is entitled to economic and non-economic damages against defendants in amounts to be determined at trial.

47. Mr. Rodriguez should be awarded his costs, including expert fees against defendants.

### III. THIRD CLAIM FOR RELIEF
### (Negligence against City of Eugene)

48. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

49. Defendants' actions as alleged above violated the standard of care required of law enforcement, including dispatchers under the circumstances.

50. Defendants' actions created an unreasonable and foreseeable risk of injury to Mr. Rodriguez.

51. As a result of the above, Mr. Rodriguez is entitled to an award of economic and non-economic damages against defendants, in amounts to be determined at trial.

52. Mr. Rodriguez should be awarded his costs, including expert fees against defendants.

### IV. FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress against City of Eugene)

53. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

54. The employees of defendant City of Eugene intentionally and/or with reckless disregard inflicted severe emotional distress on Mr. Rodriguez, as described above.

*LAW OFFICE OF WILLOW HILLMAN*
*541 WILLAMETTE STREET, SUITE 407C*
*Phone: (541) 735-3678   Fax: (541) 485-7152*

55. As described above, defendant City of Eugene's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

56. As a result of the above, defendant City of Eugene caused Mr. Rodriguez severe emotional distress.

57. As a result of the above, plaintiff is entitled to an award of economic and non-economic damages against defendants, in amounts to be determined at trial.

58. Mr. Rodriguez should be awarded his costs, including expert fees against City of Eugene.

### V. FIFTH CLAIM FOR RELIEF
(Section 1983 – Fourth Amendment Violation – Against City of Eugene)

59. Paragraphs 1 through 37 are incorporated herein by reference as though fully set forth.

60. Prior to September 10, 2016, defendant City of Eugene developed and maintained polices or customs exhibiting deliberate indifference to the constitutional rights of people to whom their employees would interact with and respond to, which caused the violation of Mr. Rodriguez's rights.

61. It was the policy and/or custom of defendant city of Eugene to inadequately supervise and train its officers and dispatchers, including defendants, thereby failing to adequately hinder further constitutional violations on the part of its employees. City of Eugene did not require adequate training or retraining for officers who have engaged in misconduct.

62. As described above, one or more of the City of Eugene's policies, official well established practices or acts caused the violation of Mr. Rodriguez's right to be free from excessive physical force and his resulting injures, as guaranteed by the Fourth Amendment to the United States Constitution.

63. As a result of the above, Mr. Rodriguez suffered the damages described above.

*LAW OFFICE OF WILLOW HILLMAN*
*541 WILLAMETTE STREET, SUITE 407C*
*Phone: (541) 735-3678   Fax: (541) 485-7152*

64. As a result of the above, plaintiff is entitled to an award of economic and non-economic damages against defendants, in amounts to be determined at trial.

65. Edgar Rodriguez should be awarded his attorney fees and litigation expenses/costs against defendants pursuant to 42 USC §1988.

**WHEREFORE,** plaintiff prays for relief from this court as follows:

1. Assume jurisdiction in this matter over plaintiff's claims;

2. Award plaintiff's economic and non-economic damages against defendants in amounts to be determined at trial in accordance with the allegations set forth above;

3. Award plaintiff his attorney fees and litigation expenses/costs against defendants in accordance with the allegations set forth above; and

4. Grant such other relief as may be just and proper.

DATED this 7th day of September 2018.

                        LAW OFFICE OF WILLOW HILLMAN, LLC

*[signature]*

_____
Willow Hillman OSB #153514
Attorney for Plaintiff
willow@willowhillmanlaw.com

**PLAINTIFF DEMANDS A JURY TRIAL.**