UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| EDGAR T. RODRIGUEZ, | Case No. 6:18-cv-1640-MK |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| TIMOTHY HUNT, an individual, MARK HUBBARD, an individual, FAITH MCCREADY, an individual, and CITY OF EUGENE, a municipal corporation, | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Edgar T. Rodriguez filed this civil rights lawsuit under 42 U.S.C. § 1983 and Oregon state law. Defendants include the City of Eugene as well as individuals Timothy Hunt, Mark Hubbard, and Faith McCready. Before the Court is Defendant's Motion for Sanctions for

Page 1 — OPINION AND ORDER

Spoliation of Electronically Stored Information. ECF No. 131. For the reasons below, Defendants' motion is denied.

## BACKGROUND

This case arises out of a police response to a disturbance at Plaintiff's apartment on September 10, 2016, during which Plaintiff was shot by Defendants Hubbard and Hunt with the Eugene Police Department. Compl. ¶¶ 1, 35, ECF No. 1. Plaintiff survived and was taken to the hospital. *Id*. Ten days after the injury, on September 20, 2024, Plaintiff's attorney sent the city a tort claim notice. Miller Decl. Ex. 2, ECF No. 132. The next day, Defendants responded with a letter advising Plaintiff to preserve relevant material. Miller Decl. Ex. 3. The preservation letter specifically instructed Plaintiff not to destroy, conceal, or otherwise alter any relevant electronic data stored on all computers and cell phones in his possession. *Id.* at 1. The letter also advised Mr. Rodriguez to back up his texts on a separate device so they did not accidentally get lost or destroyed. *Id*. at 2.

Plaintiff brought this civil rights and state law action against Defendants on September 7, 2018. Plaintiff responded to Defendants' First Request for Production (RFP) on February 5, 2019. Miller Decl. Ex. 4. That response noted that Plaintiff had "no responsive documents" to Defendants' request for "[a]ll non-privileged communications between plaintiff and others, including, but not limited to, friends, family members, or members of the media, about the subject matter of this lawsuit." *Id*. Plaintiff responded similarly for other RFPs related to ESI.

Shortly after Plaintiff responded to this request for production, this case was stayed while criminal proceedings took place against Plaintiff. The stay was lifted on August 9, 2022, and discovery resumed. ECF No. 79. During Plaintiff's deposition on April 14, 2023, Plaintiff testified that the cell phone he had at the time of the incident was seized by police related to the

criminal investigation and that any subsequent cell phones he possessed during the relevant time following the incident had been discarded without downloading or preserving any data. Miller Decl. Ex. 17 at 28:9-32:14. On the phone Plaintiff was using at the time of his deposition, he testified that he used Facebook for text messages and that "the system" deleted those messages after a time. *Id*. at 49:5-21. He also had several email accounts that were set up to auto-delete emails and he disposed of a laptop he possessed at the time of the incident without preserving any ESI. *Id*. at 49:22-51:9, 187:2-189:4.

Plaintiff has testified that "[f]rom early on in this case, I have always suspected that the lawyers defending the cops who shot me would try to twist anything that I wrote to serve their interests. Therefore, I knew not to text or email anyone about the subject matter of this lawsuit." Larwick Decl. Ex. 1 ¶ 3, ECF No. 144. He also explained that neither of the email accounts at issue nor the laptop he disposed of contained any communications about the subject matter of this lawsuit. *Id*. ¶¶ 4-6. Plaintiff's sister testified that she never communicated with her brother via text about the lawsuit or how Plaintiff was doing physically or emotionally. Larwick Decl. Ex. 2 at 13:14-14:4. Likewise, Defendants' subpoenas to Plaintiff's family and friends resulted in no responsive documents. *See* ECF Nos. 132-7, 132-8, 132-9, 132-10, 132-11, 132-12, 132-13.

## STANDARDS

A court's authority to sanction a party that has failed to preserve evidence is derived from two sources: "the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citation and internal quotations omitted).

Sanctions are available under Rule 37(e) when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." If the moving party proves those elements, then:

> Two categories of sanctions exist. First, where the district court finds that the loss of information has prejudiced the moving party, the district court may order "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, where the district court finds that the offending party "acted with the intent to deprive another party of the information's use in the litigation," the district court may require an adverse evidentiary presumption, dismiss the case, or enter default judgment. Fed. R. Civ. P. 37(e)(2).

*Newberry v. Cnty. of San Bernardino*, 750 F. App'x 534, 537 (9th Cir. 2018).

Sanctions are available under the Court's inherent authority when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Leon*, 464 F.3d at 958 (citation omitted). When applying that authority in the context of sanctions for spoliation, "[a] party's destruction of evidence qualifies as willful spoliation if the party has some notice that the evidence was potentially relevant to the litigation before it was destroyed." *Id.* at 959.

## DISCUSSION

Defendants seek sanctions for Plaintiff's alleged failure to preserve evidence Defendants argue was relevant. Plaintiff does not contest that he received a preservation of evidence letter, nor does he deny that he failed to preserve all text messages and emails in the years following the incident. However, Plaintiff contends that Defendants are not entitled to sanctions because they have not proven (1) that relevant ESI that should have been preserved is lost; (2) that Plaintiff did not take reasonable steps to preserve relevant ESI; (3) that the lost evidence cannot be obtained through other means; and (4) that Defendant was prejudiced by the loss and/or Plaintiff acted with an intent to deprive Defendants of relevant ESI. The Court agrees on Plaintiff's first

point that Defendants have not shown that relevant ESI that should have been preserved has been lost.

Defendants present two primary arguments that Plaintiff failed to preserve relevant ESI. First, they argue that the volume of text messages Plaintiff exchanged in the month preceding the incident—recovered the seized cell phone—must mean that relevant text messages existed in the subsequently-destroyed phone or phones. Second, they note that Plaintiff has admitted to communicating with family or friends about the incident.

Defendants' purported evidence fails to establish that any of the destroyed ESI was relevant to the litigation. With respect to Defendants' argument about the volume of text messages exchanged in the month before the incident: volume does not equate to relevance. Even if the Court presumes that text volume before the incident permits an inference of similar volume after the incident—which may not be true given Plaintiff's testimony as to his use of Facebook for texting during the relevant time—Defendants cite no authority for their argument that the Court can infer relevance from volume. Turning to Defendants' evidence that Plaintiff "admitted" to communicating about relevant matters with friends, that "admission" did not pertain to ESI. Instead, Plaintiff explained that he told family members who visited him in the hospital and took care of him afterward that he was shot. Larwick Decl. Ex. 1 ¶ 2. There is no indication in the record that Plaintiff admitted creating ESI relevant to the claims that he then failed to preserve.

The Court recognizes that "[b]ecause 'the relevance of ... [destroyed] documents cannot be clearly ascertained because the documents no longer exist,' a party "can hardly assert any presumption of irrelevance as to the destroyed documents." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *Alexander v. Nat'l Farmers Org.,* 687 F.2d 1173, 1205 (8th

Cir.1982))). But here, Plaintiff does not rely on a mere presumption of irrelevance. Rather, he presents affirmative evidence that none of the ESI at issue was relevant. Plaintiff has testified that he knew not to discuss the case via text or email. Larwick Decl. Ex. 1 ¶ 3. That testimony is further supported by several other facts in the record. First, Plaintiff had retained counsel mere days after the incident with the intent of pursuing claims and explained that he understood that such communications may be used against him. Plaintiff was also under criminal investigation and prosecution related to the incident, again providing a strong incentive not to discuss the case. Second, Plaintiff's sister corroborates his statement that he did not discuss the events of the case or his physical/emotional wellbeing via text or email. And finally, the lack of responsive documents from family and friends in response to Defendants' subpoenas supports Plaintiff's assertion that he did not discuss relevant matters with them.

In sum, not only is there no evidence that any of the destroyed ESI was relevant, but there is affirmative evidence to the contrary. Thus, Defendants have failed to carry their burden to show that relevant ESI that should have been preserved was lost. Because they have failed to establish this element, they are not entitled to sanctions and the Court therefore does not address the remaining elements.[1]

## CONCLUSION

For the reasons above, Defendants' Motion for Sanctions for Spoliation of Electronically Stored Information (ECF No. 131) is DENIED.

DATED this  22nd   day of    August    , 2024.

                                                        /s/Mustafa T. Kasubhai
                                                        Mustafa T. Kasubhai (he/him)
                                                        United States Magistrate Judge

---

[1] However, the prejudice analysis would turn on the same failure of proof, as Defendants cannot show prejudice if they cannot show that the ESI at issue was relevant.