IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EDGAR T. RODRIGUEZ,                                     Civ. No. 6:18-cv-01640-AA

            Plaintiff,                                  **OPINION & ORDER**

   v.

TIMOTHY HUNT; MARK
HUBBARD; FAITH
MCCREADY; CITY OF
EUGENE,

            Defendants.

AIKEN, District Judge.

    This case comes before the Court on Plaintiff's *Daubert* Motion to Exclude the Testimony of Wilson C. "Toby" Hayes ECF No. 199.  For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## LEGAL STANDARD

Federal Rule of Evidence ("FRE") 702 concerns testimony by expert witnesses and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

Page 1 –OPINION & ORDER

>   (b) the testimony is based on sufficient facts or data;
>
>   (c) the testimony is the product of reliable principles and methods; and
>
>   (d) the experts opinion reflects a reliable application of the principles and methods of the case.

Fed. R. Evid. 702.

Analysis of an FRE 702 objection begins with the standard set forth by the Supreme Court in *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579 (1993). Under *Daubert* and its progeny, *Daubert v. Merrell Pharms, Inc.*, 43 F.3d 1311 (9th Cir. 1995) (*Daubert II*), "a district court's inquiry into admissibility is a flexible one." *Chong v. STL Int'l, Inc.*, 152 F. Supp.3d 1305, 1308 (D. Or. 2016). Under *Daubert*, courts have a "gatekeeping role" to ensure that expert testimony is both relevant and reliable. *City of Ponoma v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014).

Relevancy is determined by assessing whether "the knowledge underlying [the testimony] has a valid connection to the pertinent inquiry." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (internal quotation marks and citation omitted).

Reliability is determined by assessing whether "the knowledge underlying [the testimony] has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. The key inquiry for a reliability assessment is "whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue." *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (internal quotation marks and citation omitted, alterations normalized). The reliability test is flexible,

permitting a court to assess an expert's reasoning or methodology using appropriate criteria "such as testability, publication in peer reviewed literature, known or potential error rate, and general acceptance." *City of Ponoma*, 750 F.3d at 1044.

In exercising its gatekeeping role, a court is not "deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 969-70 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564. The court is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car*, 738 F.3d at 969-70.

## DISCUSSION

Dr. Hayes has a B.S. in Mechanical Engineering from Stanford University, 1964, a M.S. in Mechanical Engineering from Stanford University, 1966, and a Ph.D in Theoretical and Applied Mechanics from Northwestern University, 1970. Miller Decl. Ex. 4, at 1. ECF No. 210-4. From 1969 to 1970, Dr. Hayes was a Research Fellow at the Laboratory for Experimental Surgery in Davos, Switzerland, and from 1970 to 1971 he was a Special Research Fellow at the Department of Orthopaedic Surgery at the Karolinska Institute in Stockholm, Sweden. *Id.*

Dr. Hayes served as an Assistant Professor of Mechanical Engineering and Orthopaedic Surgery at Stanford University from 1971-1976; an Associate Professor of Orthopaedic Surgery at the University of Pennsylvania from 1976-1979; and a

Professor of Orthopaedic Surgery and later of Biomechanics at Harvard University from 1979-1998. Miller Decl. Ex. 4, at 1. After leaving Harvard University, Dr. Hayes was Vice Provost for Research at Oregon State University between 1998 and 2001 and Professor of Orthopaedics and Rehabilitation and Vice Chair for Research at Oregon Health Sciences University from 1998-2004. *Id.*

In relevant part, Dr. Hayes's report covers a reconstruction of the shooting based on a FARO scan, photographs, post-shooting medical imaging, police reports, deposition testimony, and declarations. Miller Decl. Ex. 1, at 2-3. Dr. Hayes's report uses biomechanical and anatomical principles and shooting reconstruction techniques, including modeling and the application of specialized software, to opine on the relative positions and physical orientation of Plaintiff and the Defendant officers during the shooting. *Id.* at 39-41.

The Court concludes that Dr. Hayes is qualified to testify on questions of biomechanical engineering, including shooting reconstructions; anatomy; the analysis of injuries; and the assessment of medical reports and imaging. The Court concludes that Dr. Hayes's opinions concerning the shooting reconstruction are relevant and sufficiently reliable to meet the *Daubert* standard. The Court acknowledges Plaintiff's objections to aspects of Dr. Hayes's methodology and to his conclusions concerning the shooting reconstruction, but as the Court explained during the hearing, those objections are more appropriately addressed by cross examination or the testimony of Plaintiff's rebuttal expert rather than by exclusion of Dr. Hayes's testimony.

However, Dr. Hayes's report also contains opinions based on perception response time. Miller Decl. Ex. 1, at 38, 40-41. Plaintiff moves to exclude testimony concerning perception response time on the grounds that Dr. Hayes is not an expert in the subject. At the hearing, Dr. Hayes testified that he took courses on ergonomics while studying for his master's degree between 1964 and 1966 which included the study of perception response time. The Court concludes that this training and experience is not sufficient to qualify Dr. Hayes as an expert on perception response time and so Dr. Hayes may not offer testimony on that subject.

Defendants have acknowledged that Dr. Hayes may not testify to several other subjects covered in his report. For the sake of clarity, the Court will recount them here: (1) Dr. Hayes may not testify as to the intentions, thoughts, or perceptions of any party or witness in this case; (2) Dr. Hayes may not vouch for the testimony of any party or witness in his testimony; (3) Dr. Hayes may not testify on the time it took for the Defendant officers to call for an ambulance, both because that opinion falls outside of his area of expertise as a biomechanical engineer and because, by Dr. Hayes's own admission, Miller Decl. Ex. 1, at 40, his opinion is not supported by any data; (4) Dr. Hayes may not testify concerning police policy, use-of-force, or deadly force as those topics fall outside of his expertise as a biomechanical engineer; and (5) Dr. Hayes may not testify as to ultimate questions of law, such as whether a party acted "reasonably."

## CONCLUSION

Plaintiff's *Daubert* Motion to Exclude the Testimony of Wilson C. "Toby" Hayes, ECF No. 199, is GRANTED in part and DENIED in part as set forth above.

It is so ORDERED and DATED this ___16th___ day of September 2025.

                                          /s/Ann Aiken
                                          ANN AIKEN
                                          United States District Judge