IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EDGAR RODRIGUEZ,                                    Civ. No. 6:18-cv-01640-AA

                    Plaintiff,                    **OPINION & ORDER**

       v.

TIMOTHY HUNT; MARK
HUBBARD; FAITH
MCCREADY; CITY OF
EUGENE ,

                Defendants.
_____

AIKEN, District Judge.

      The Court held a Pretrial Conference in this matter on September 4, 2025, to resolve pending motions in limine, ECF Nos. 184, 196, evidentiary objections, and witness objections.  The Court issued oral rulings on the disputed issues and this Order serves to memorialize those rulings.

## DISCUSSION

### I.    Plaintiff's Motions in Limine

      Plaintiff filed twelve Motions in Limine, which the Court resolved as follows:

## A. Plaintiff's Motion to Exclude Evidence of Plaintiff's Overturned Conviction

Plaintiff was convicted of Unlawful Use of a Weapon by a non-unanimous jury and while that conviction was on appeal, the U.S. Supreme Court issued *Ramos .v Louisiana*, 590 U.S. 83 (2020), which held that the constitutional right to a jury trial required a unanimous jury to convict a defendant for a serious offense. Following *Ramos*, Plaintiff's conviction was vacated and the Lane County District Attorney's Office did not seek to retry Plaintiff.

The parties have stipulated that no evidence of the charges or the vacated conviction should be offered in the trial. The Court granted this motion in limine. The Court also ruled that Plaintiff would be permitted to present evidence that he was not arrested or charged with a crime on the night of the shooting and that such evidence would not open the door to present evidence that he was subsequently charged with Unlawful Use of a Weapon. Plaintiff's First Motion in Limine is GRANTED.

## B. Plaintiff's Motion to Exclude Evidence of Plaintiff's Criminal History

Plaintiff moves to exclude evidence of his prior misdemeanor convictions and interactions with police. The Court determined that Plaintiff's criminal history was not admissible unless Plaintiff opened the door to the evidence by, for example, testifying that he had never been convicted of a crime. Plaintiff's Second Motion is Limine is GRANTED.

### C. Plaintiff's Motion to Exclude Evidence of Previously Dismissed or Withdrawn Claims

Plaintiff moves to exclude evidence or argument related to claims that have been dismissed or withdrawn. The Court concludes that such evidence and argument is not relevant and Plaintiff's Third Motion in Limine is GRANTED.

### D. Plaintiff's Motion to Exclude the City of Eugene's Use-of-Force Findings and Plaintiff's Motion to Exclude the Interagency Use-of-Force Findings

Plaintiff's Fourth and Fifth Motions in Limine seek to exclude evidence of the use-of-force findings issued by the City of Eugene and those found in the interagency "IDFIT" report. The Court concludes that the standards for a policy violation and the standards for constitutionally excessive force are different and so this evidence should be excluded, unless the door is opened by Plaintiff during trial. Plaintiff's Fourth and Fifth Motions in Limine are GRANTED.

### E. Plaintiff's Motion to Exclude Evidence of Plaintiff's Cellular Phone Messages, Data, and Emails

Plaintiff seeks to exclude evidence and testimony related to Plaintiff's cellular phone records, text messaging, emails and other data. Consistent with Judge Kasubhai's earlier ruling on Defendants' Motion for Sanctions for Spoliation of Electronically Stored Information, ECF No. 159, and this Court's Order overruling Defendants' objections to Judge Kasubhai's Order, ECF No. 163, the Court will

exclude evidence and testimony related to Plaintiff's cellular phone records, text messaging, emails, and other data. Plaintiff's Sixth Motion in Limine is GRANTED.

### F. Plaintiff's Motion to Exclude Brittny Lupton's Statements to Police

Plaintiff seeks to exclude statements made by Brittny Lupton to police on the night of the shooting as inadmissible hearsay. Ms. Lupton is listed as a witness, but the parties have informed the Court that her current whereabouts are unknown and that she has not been deposed in this case.

Defendants argue that Ms. Lupton's statements fall within the excited utterance exception; the present sense impression exception; and the FRE 807 residual exception and so are not hearsay.

To fall within the excited utterance exception, the statement must relate "to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). To qualify as a present sense impression, the statement must describe or explain an event or condition and be "made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). The Ninth Circuit has held that "to qualify under either exception, an out-of-court statement must be nearly contemporaneous with the incident described and made with little chance for reflection." *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995). In the context of FRE 803(1), the Ninth Circuit held that the event need not be "instantaneous," but must be "constrained by reasonable time limits." *United States v. Orm Hieng*, 679 F.3d 1131, 1142 n.2 (9th Cir. 2012).

Here, using the timeline provided by Defendants in their Response, ECF No. 203, Ms. Lupton heard the shooting at 12:59 a.m. on the morning of September 10, 2016, and she gave statements to the police beginning at 1:10 a.m. and information derived from those statements was broadcast by police at 1:22 a.m. Ms. Lupton gave a recorded interview to different detective at 2:40 a.m.

Ms. Lupton's 2:40 a.m. interview took place nearly three hours after the event and cannot reasonably be described as "nearly contemporaneous" for purposes of the excited utterance or present sense impression exceptions. Ms. Lupton's earlier statements, which were given between approximately ten and twenty minutes after the event present a closer question. In *United States v. Riggs*, No. 23-566, 2024 WL 3949101, at *2 (9th Cir. Aug. 27, 2024), the Ninth Circuit reversed a district court's decision to admit as excited utterances statements made ten to twenty minutes after the events being described. The Ninth Circuit found that the passage of so much time had given the declarant "ample time to reflect upon his statements before speaking to the police and paramedics" and "therefore the excited utterance exception did not apply." *Id.* (internal quotation marks and citation omitted). Here, Ms. Lupton gave her statements within a timeframe after the shooting occurred that was nearly identical to the delay in *Riggs*. The Court concludes that Ms. Lupton's statement fall outside of the "nearly contemporaneous" requirement for either FRE 803(1) or (2) and that sufficient time had passed for Ms. Lupton to reflect before making her statements to the police.

Finally, Defendants contend that Ms. Lupton's statements may be admitted under the residual exception of FRE 807. A statement may be admissible under that Rule, if (1) "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement;" and (2) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a).

Here, Ms. Lupton was interviewed by a criminal defense investigator on September 12, 2016, and, in the course of that interview, she told the investigator that "she [Ms. Lupton] believes that the police led her to suspect that Mr. Rodriguez intended to kill herself" and that "the police asked her a lot of questions about Mr. Rodriguez's PTSD, military service, and mental health." Miller Decl. Ex. 2, at 2-3. ECF No. 205. Ms. Lupton told the investigator that "her initial statement to police was heavily influenced by adrenaline having just witnessed a shooting." *Id.* at 3.

Ms. Lupton's statements to the investigator on September 12, 2016, substantially undermine the reliability of her statements to the police. In particular, the Court notes that Ms. Lupton attributed her statements to the influence of adrenaline and to the nature of the police officers' questions. The Court concludes that Ms. Lupton's statements lack sufficient indicia of reliability to be admitted under FRE 807.

In response to the Motion in Limine, Defendants proposed to use Ms. Lupton's testimony from Plaintiff's criminal trial. At the hearing, Plaintiff pointed out that

this goes beyond the motion in limine and that the admissibility of Ms. Lupton's testimony from that trial would depend on the particular question she was asked. The parties agreed that any presentation of Ms. Lupton's testimony would need to be presented as coming from "another proceeding" to avoid explicit references to Plaintiff's overturned conviction.

The Court will GRANT Plaintiff's Seventh Motion in Limine and exclude the statements Ms. Lupton made to the police on the night of the shooting as hearsay. The Court will reserve ruling on the question of Ms. Lupton's testimony from the criminal trial to allow the parties to confer on which specific portions of her testimony Defendants intend to present.

## G. Plaintiff Moves to Exclude Evidence of Brittny Lupton's Facebook Message

Plaintiff moves to exclude a Facebook message sent to Plaintiff by Ms. Lupton between five and six hours after the shooting. Defendants contend that this message constitutes an excited utterance for purposes of the hearsay exception. For the reasons discussed in the previous section, this message cannot reasonably or seriously be described as "nearly contemporaneous" given the passage of hours between the shooting and when the message was composed and sent.

Defendants also assert that it is a "a statement of the declarants then existing mental state" and "is not offered for its truth but for the effect on the recipient (plaintiff)." Def. Resp. 6. ECF No. 203. However, there is no indication that Plaintiff ever saw the message and Defendants do not dispute Plaintiff's assertion that he did

not respond to it.  The Court will exclude Ms. Lupton's Facebook message.  Plaintiff's Eighth Motion in Limine is GRANTED.

## H. Plaintiff Moves to Exclude Argument that Plaintiff was Under the Influence of Any Substance Other than Alcohol

Plaintiff moves to exclude argument that he was under the influence of intoxicants other than alcohol.  Defendants assert that Ms. Lupton's statements and testimony indicate that Plaintiff was smoking marijuana and possibly taking other drugs.  However, Ms. Lupton's statements to police have been excluded for the reasons set forth in the previous sections and Ms. Lupton is, apparently, unavailable to testify or be cross examined.  Toxicology reports from the hospital on the night of the shooting were negative for any intoxicants other than alcohol and the pain medication administered to Plaintiff during treatment for his gunshot wounds.

The Court will exclude argument that Plaintiff was under the influence of any substance other than alcohol except for the evidence contained in the toxicology screen administered at the hospital.  Plaintiff's Ninth Motion in Limine is GRANTED.

## I. Plaintiff's Motion to Exclude Evidence of Prescription Medications Found in the Search of Plaintiff's Apartment

Plaintiff moves to exclude evidence or testimony of the prescription medication found by police during the search of Plaintiff's apartment after the shooting.  Plaintiff points out that there is no evidence that the medication was not prescribed to him by his physicians and that Defendants suggestion that the medication was made

available to Cozad and Rogers during the night of the shooting is purely speculative. The Court will defer ruling on Plaintiff's Tenth Motion in Limine to more fully assess the evidence during the trial.

### J.  Plaintiff's Motion to Exclude Witnesses

Plaintiff moves to exclude all fact witnesses from the courtroom during the trial.   The Court will GRANT Plaintiff's Eleventh Motion in Limine.   All fact witnesses will be excluded from the courtroom.   Retained expert witnesses are permitted to be present for testimony.   Defendants represent that one of their witnesses, Ryan Molony, is a fact witness and a non-retained expert on use of force. Mr. Molony may be present in the courtroom during the testimony of use-of-force experts but is otherwise excluded and must leave the courtroom during the presentation of any other testimony.

### K. Plaintiff's Motion to Exclude Opinions or Commentary Bolstering Defendant Hubbard and Defendant Hunt's Stated Perceptions

Plaintiff moves to exclude expert opinions or attorney commentary purporting to vouch for the accuracy or reasonableness of Defendant Hubbard or Defendant Hunt's stated perceptions.  Matters of credibility are reserved for the finder of fact and are not the province of expert witnesses. *United States v. Barnard*, 490 F.2d 907, 912-13 (9th Cir. 1973).  The Court understands that one of Defendants' expert witnesses, Dr. Hayes, will testify on a reconstruction of the shooting.  Dr. Hayes's testimony was the subject of a *Daubert* motion, and the Court has ruled on those issues following a hearing.  ECF No. 217.  However, as general matter the Court will

not permit expert opinions vouching for or bolstering the credibility of a party or witness or vouching for the stated perceptions of any party or witness and will sustain timely objections to the solicitation of such testimony. Plaintiff's Twelfth Motion in Limine is GRANTED.

## II. Defendants' Motions in Limine

Defendants have filed nine Motions in Limine, which the Court resolved as follows:

### A. Defendants Move to Exclude Testimony and Evidence of Other Police Actions

Defendants move to exclude evidence, testimony, arguments, and commentary "relating to any acts of the Police in other events in the United States," including "any references to events such as the incidents involving Immigration and Custom Enforcement." The motion is framed in very broad terms, but the Court understood Defendants to mean that no reference should be made to high profile police shootings and other controversial police actions elsewhere in the country which have garnered significant public attention in recent years. Plaintiff represents that he does not intend to advance any such argument. The Court will GRANT Defendants' First Motion in Limine. The Court expects that the parties will confine themselves to the facts of the case presently before the Court.

**B. Defendants Move to Limit Testimony and Evidence Concerning Plaintiff's Overturned Conviction**

The parties are broadly in agreement that no reference should be made to the prior criminal case and the Court has already addressed this issue in granting Plaintiff's First Motion in Limine

**C. Defendants' Motion to Exclude "Reptile Theory" Arguments**

Defendants seek to prevent Plaintiff's counsel from making any argument based on "Reptile: the 2009 Manual of the Plaintiff's Revolution" by David Ball and Don Keenan. Defendants express concern that such arguments will mislead the jury about the legal standards to be applied in determining the case. Plaintiff's counsel represents that, although he is familiar with Ball and Keenan's manual, he has never applied its theories in his cases and does not intend to do so in the present case. The Court is not familiar with the book in question and so will not issue a sweeping prohibition against it. However, all parties agree that the Court, and not the attorneys, will instruct the jury on the law. If either party believes that the opposing party has made an impermissible statement or argument, their remedy is to make a timely objection.

**D. Defendants Motive to Exclude Testimony and Evidence on the IDFIT and Internal Affairs Investigations and Outcomes**

Defendants move to exclude evidence of the IDFIT and Internal Affairs investigations into the use of force in this case. This motion tracks with Plaintiff's Fourth and Fifth Motions in Limine and will be granted for the same reason.

### E. Defendants Seek to Exclude Testimony and Evidence of Other Complaints Against Defendants

Defendants seek to exclude evidence and testimony of other complaints, unrelated civil rights actions and internal affairs investigations involving Defendants. In particular, Defendants seek to exclude evidence of a prior incident where Defendant Hubbard was disciplined for striking his supervisor. The Court concludes that such evidence is not admissible, save as impeachment evidence should the door be opened on it. Defendants' Fifth Motion in Limine is GRANTED.

### F. Defendants Move to Exclude Evidence or Testimony About Racial Discrimination

Defendants move to exclude any evidence or testimony concerning racial discrimination, as no such claim has been made in this case. Plaintiff affirms that he does not intend to present evidence of racism or racial discrimination but wishes to be free to present evidence that Plaintiff did not match the description of Cozad because, among other reasons, Plaintiff and Cozad are of different races. Defendants do not object to the presentation of such argument or evidence. The Court will GRANT Defendants' Sixth Motion in Limine, with the caveat that the parties will be free to discuss obvious physical differences in appearance between Plaintiff and the other individuals involved in the incident.

### G. Defendants Move to Exclude Testimony and Evidence About Legal Conclusions

Defendants move to exclude testimony and evidence relating to legal conclusions. The Court acknowledges that it can be difficult for witnesses to testify about the facts supporting a legal conclusion without presenting the legal conclusion itself as testimony. The Court will address this on a case-by-case basis as the trial progresses, but the parties are forewarned that the Court will not permit the witnesses to testify about legal conclusions (e.g., "Defendants committed battery,") and the parties should prepare their witnesses accordingly.

### H. Defendants Move to Admit Evidence of Plaintiff's Alcohol and Drug Use

Defendants move to admit evidence of Plaintiff's use of drugs and alcohol on the night in question. The Court has already addressed this issue in ruling on Plaintiff's Ninth Motion in Limine.

### I. Motion to Admit Evidence of Plaintiff's Cell Phone and Data

Defendants move to admit evidence concerning Plaintiff's cell phone and data. The Court has already addressed this issue in ruling on Plaintiff's Sixth Motion in Limine.

### III.    Exhibits

The Court ruled on the record concerning the admissibility and challenges to the exhibits, but reserved ruling on certain exhibits to allow the Court the opportunity to review the exhibits with the benefit of specific objections.

**Plaintiff's Exhibit 115:** The parties were directed to confer on how the foundation might be laid for this exhibit. The Court reserved ruling on its admissibility and will address any further discussion outside of the presence of the jury.

**Plaintiff's Exhibit 146:** The final portion of this video exhibit purports to show Plaintiff's positions within and outside of the apartment matched to the timing of the radio, car audio, and dispatcher's audio. No foundation can be laid for these images because Plaintiff, who might testify as to his position in the apartment, did not have access to the radios and a witness who might authenticate the radio sections could not testify as to Plaintiff's position inside the apartment. This video may be used for demonstrative purposes but will not be admitted as an exhibit. If Plaintiff wishes to submit a version of this exhibit with only the overlapping audio tracks and the dashcam video, the Court will entertain argument as to the admissibility of that exhibit.

**Defendants' Exhibit 201:** The Court declined to admit the gun the carried by Plaintiff at the time of the shooting as an exhibit. Defendants may submit photographs of the gun but may not present the physical weapon as an exhibit.

**Defendants' Exhibit 204:** The Court deferred ruling on the admissibility of this exhibit to allow for a foundation to be laid.

**Defendants' Exhibit 210:** The Court deferred ruling on the admissibility of this exhibit to allow the parties to confer on Plaintiff's oral objection that this exhibit

is cumulative and irrelevant.  The Court will resolve any remaining dispute outside of the presence of the jury.

**Defendants' Exhibit 213:** The parties agreed that the removal of the red circle marking the "Area of Incident" would resolve Plaintiff's objection to this exhibit.

**Defendants' Exhibit 215:** The Court deferred ruling on the admissibility of this exhibit to allow Defendants to lay the foundation by calling the relevant witness.

**Defendants' Exhibit 220:** The parties were directed to confer as to whether Defendants' Exhibit 220 or Plaintiff's Exhibit 129 would be shown to the relevant witness.  The submission of both exhibits would be cumulative.  Any remaining dispute on this exhibit will be resolved outside of the presence of the jury.

**Defendants' Exhibit 228:** The parties agreed to confer on the submission of the photographs of Plaintiff's apartment.  The Court will address any remaining issues outside of the presence of the jury.

**Defendants' Exhibit 230:** The parties were directed to confer on limiting the photos of Plaintiff's car taken at the impound lot.  Several of the photos, notably the ones showing the knife and gun, as well as the photos of liquor in the trunk of Plaintiff's car are not relevant and will not be admitted.  The photos showing the bullet holes are potentially relevant, but, as discussed on the record, may be cumulative of photos taken at the scene of the shooting.  Plaintiff does not object to the photos showing the bullet fragments.  The Court will address any remaining issues outside of the presence of the jury.

**Exhibits 233, 234, and 235:** The Court did not admit the training log exhibits into evidence. The individual Defendants may testify as to their training, but the logs themselves are not relevant.

## CONCLUSION

Plaintiff's Motions in Limine, ECF No. 196 is GRANTED in part on the terms set forth above. Defendants' Motions in Limine, ECF No. 184, are GRANTED in part and DENIED in part on the terms set forth above.

It is so ORDERED and DATED this ____19th____ day of September 2025.

 /s/Ann Aiken
ANN AIKEN
United States District Judge