Keith Reed, OSB No. 205506
Email: keith@larwick.com
Derek Larwick, OSB No. 120334
Email: derek@larwick.com
**Larwick Law Firm, PC**
1190 West 7th Avenue
Eugene, OR 97402
Phone: 541-600-4598
Fax: 541-600-4598
Of Attorneys For Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| EDGAR RODRIGUEZ,<br><br>               Plaintiff,<br><br>v.<br><br>TIMOTHY HUNT, an individual;<br>MARK HUBBARD, an individual;<br>FAITH MCCREADY, an individual; and<br>CITY OF EUGENE, a municipal<br>corporation,<br><br>               Defendants. | Case No. 618-cv-01640-AA<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS** |

## OPPOSITION

Plaintiff Edgar Rodriguez hereby objects to Defendants' Bill of Costs and opposes any request for an award of costs or disbursements.

PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS - PAGE 1

## PRELIMINARY FACTS

The factual circumstances surrounding this police shooting have been briefed before this Court through multiple motions and were presented in substantial detail during trial. The evidence and testimony at trial established that Mr. Rodriguez has experienced persistent difficulty maintaining stable, gainful employment and that his financial circumstances are extremely limited.

The record reflects that Mr. Rodriguez is a 100% disabled combat veteran who continues to reside in the same modest apartment where the shooting occurred nine years prior. Trial testimony demonstrated that, as a result of his service-connected disabilities and the lasting effects of the incident underlying this litigation, Mr. Rodriguez has been unable to sustain employment for extended periods of time. He routinely experiences significant gaps between jobs and has struggled to maintain employment for more than a few months at a time as a result of his disabilities. Collectively, this evidence shows that Mr. Rodriguez has been living at a subsistence level and lacks the financial resources to absorb a substantial award of costs without undue hardship.

Defendants' memorandum in support of their Bill of Cost states that "[t]hroughout this process defendants incurred significant costs and fees and made good faith efforts to resolve this case short of trial." This statement is not correct because Defendants made no effort to resolve this case through settlement at any point. No offer of settlement was ever extended to Plaintiff, including at the Court-mandated mediation and Plaintiff's counsel's face-to-face meeting with Defense counsel at Full City Coffee after the mediation.

## POINTS AND AUTHORITIES

### 1.     The Court should deny all Defendants' Request for Costs and Disbursements

#### A.     Legal Standards

While a prevailing party is presumptively entitled to taxable costs under Federal Rule of Civil Procedure 54(d)(1), that presumption is not absolute. The Ninth Circuit has

repeatedly affirmed district courts' broad discretion to deny costs in appropriate circumstances—particularly in cases like the one at issue here.

In *Stanley v. University of Southern California*, the Ninth Circuit held that the district court abused its discretion when it denied a motion to deny costs without considering relevant equitable factors, including: (1) the losing party's limited financial resources and (2) the potential chilling effect that imposing substantial costs may have on future civil rights litigants.[1]

The Ninth Circuit further clarified the scope of a district court's discretion in *Association of Mexican-American Educators v. State of California*, rejecting prior limitations on that discretion and holding that district courts may deny costs for a number of reasons, so long as those reasons are articulated as to permit meaningful appellate review.[2] As the court explained, Rule 54(d)(1) contains no substantive limitation on a district court's authority; it simply provides that costs shall be allowed to the prevailing party unless the court "otherwise directs."[3] The requirement that a court state its reasons for denying costs logically flows from the presumption in favor of costs and ensures that an appellate court can determine whether the district court abused its discretion.[4]

Rule 54(d)(1) thus contemplates that costs will be awarded "as a matter of course" only in the ordinary case. When a court denies costs, it must explain why the case is not ordinary and why, under the circumstances, awarding costs would be inequitable or inappropriate.[5]

---

[1]  *Stanley v. University of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999).
[2]  *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 592–93 (9th Cir. 2000).
[3]  *Id*.
[4]  *Id.*
[5]  *Id.*

PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS - PAGE 3

### 1.    *Equitable Factors*

In *Association of Mexican-American Educators*, the Ninth Circuit affirmed the district court's consideration of several equitable factors as being acceptable for consideration in denying costs to the prevailing party, including: (1) whether the issues were of substantial public importance; (2) the economic disparity between the parties; (3) whether the issues were close and difficult; and (4) whether the losing party's claims, though unsuccessful, had arguable merit.[6]

These factors were later reaffirmed in *Save Our Valley v. Sound Transit*, where the Court of Appeals acknowledged that, although a district court is not required to specify reasons when it awards costs in accordance with the presumption, there are well-established factors that justify denying costs to a prevailing party.[7] Those factors include the losing party's limited financial resources, the presence of issues of significant public importance, particularly in the civil rights context, and the existence of close and complex legal questions.[8]

## B.    Application

In this case, each of the equitable factors recognized by the Ninth Circuit weighs in favor of denying Defendants' request for costs and disbursements.

### 1.    Mr. Rodriguez's Limited Financial Resources and the Vast Economic Disparity Between the Parties

Mr. Rodriguez has extremely limited financial resources, and the economic disparity between the parties is substantial. As established at trial, Mr. Rodriguez is a 100% disabled combat veteran. Although he is intelligent and educated, his ability to maintain steady, gainful employment has been significantly impaired by his service-connected

---

[6]   *Id.*

[7]   *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945–46 (9th Cir. 2003).

[8]   *Id.*

LARWICK LAW FIRM
1190 West 7th Avenue
Eugene, OR 97402
(541) 600-4598

disability and by the retraumatizing PTSD effects of being shot multiple times by the Defendants in this case.

Mr. Rodriguez's employment records and trial testimony demonstrate that he has been unable to sustain employment for more than three to four months at a time. In stark contrast, Defendants are municipal entities and public officials supported by public funds. Imposing tens of thousands of dollars in taxable costs on an individual plaintiff, such as Mr. Rodriguez, with limited and unstable income would be manifestly inequitable and contrary to the purposes underlying Rule 54(d)(1).

### 2.     This Case Presented Issues of Substantial Public Importance

This case involved alleged violations of Mr. Rodriguez's civil rights and therefore addressed matters of significant public importance to both the Eugene community and civil rights litigants nationwide. Civil rights cases play a critical role in developing and clarifying constitutional law, particularly in areas such as police use of force and qualified immunity.

As courts have repeatedly recognized, the development of civil rights jurisprudence depends upon litigants' willingness to bring cases that test the boundaries of constitutional protections. This case contributed to that body of law and addressed issues that extend well beyond the individual parties. That public policy consideration weighs strongly against taxing costs against Mr. Rodriguez.

### 3.     The Legal and Factual Issues Were Close and Complex

This matter involved close and complex questions of both fact and law. Section 1983 actions, particularly those involving police use of force, are inherently complex and often require the presentation of expert testimony regarding law enforcement practices, training, forensics, and sometimes biomechanics.

The complexity of this case is reflected in the length of the litigation and the extensive docket. The factual determinations were contested, and the legal standards required careful

and nuanced application. The jury deliberated for approximately one and a half days to reach a verdict in favor of the Defendants that still found them to be 40% at fault for Mr. Rodriguez's injuries.  These circumstances further support denial of costs.

### 4.    Mr. Rodriguez's Claims Were Not Frivolous and Were Meritorious

Although Mr. Rodriguez did not prevail on his constitutional claims, his case was not frivolous and had substantial merit. The jury found that Mr. Rodriguez was not, as Defendants alleged, engaged in criminal activity at the time he was shot by police. Moreover, the jury did not find Defendants free from fault; instead, it assigned Defendants, collectively, 40% negligence for the harm Mr. Rodriguez suffered.

These findings underscore that Mr. Rodriguez's claims were grounded in evidence and raised serious questions about Defendants' conduct. This factor weighs decisively against awarding costs, as Ninth Circuit precedent disfavors taxing costs against losing parties whose claims were brought in good faith and were not without merit.

### 5.    Awarding Costs Would Have a Chilling Effect on Civil Rights Litigation

Finally, awarding Defendants tens of thousands of dollars in costs would have a substantial chilling effect on future civil rights litigants. Imposing such a financial burden on an individual plaintiff, particularly one with limited means, would deter others from bringing civil rights actions, even where they reasonably and in good faith believe their claims to be meritorious.

This chilling effect is precisely the concern identified by the Ninth Circuit in *Stanley* and its progeny. Denying costs here would further the equitable administration of justice and preserve access to the courts for civil rights plaintiffs.

For all of these reasons, the Court should exercise its discretion to deny Defendants' request for costs.

## CONCLUSION

Defendants' effort to recoup costs from Mr. Rodriguez would operate not merely as reimbursement, but as a punitive measure that serves no equitable purpose. In the context of this case, imposing substantial costs on Mr. Rodriguez would further burden an individual who has already suffered significant harm and would function as a deterrent to future litigants who seek in good faith to vindicate their constitutional rights.

In addition to the reasons set forth above, the Court should deny Defendants' request for costs because the equities weigh heavily against further penalizing Mr. Rodriguez. An award of costs would impose an additional and unnecessary hardship, compounding the consequences he has already endured as a result of the events giving rise to this litigation.

Under these circumstances, denying costs is consistent with principles of fairness, equity, and the proper exercise of the Court's discretion under Rule 54(d)(1).

Dated January 2, 2026

LARWICK LAW FIRM

Keith Reed, OSB No. 205506
Email: keith@larwick.com
Derek Larwick, OSB No. 120334
Email: derek@larwick.com

LAW OFFICE OF WILLOW HILLMAN
Willow Hillman, OSB No. 153514
Email: willow@willowhillmanlaw.com
Of Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served on the parties, through their respective counsel, in the following manner:

- ☐　　First class mail (to all addresses shown below)
- ☐　　Fax (to all fax numbers shown below)
- ■　　E-mail (to all e-mail addresses shown below)
- ☐　　Electronically by the Court's eFiling system
- ☐　　Hand delivery

Ben Miller
Eugene City Attorney's Office
500 East 4th Ave Ste 301
Eugene, OR 97401
Fax: (541) 682-5414
BMiller@eugene-or.gov

Dated January 2, 2025

　　　　　　　　　　　　　　　　LARWICK LAW FIRM

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Derek Larwick
　　　　　　　　　　　　　　　　Of Attorneys for Plaintiff

PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS -
PAGE 8