IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

EDGAR T. RODRIGUEZ,

              Plaintiff,

    v.

TIMOTHY HUNT; MARK
HUBBARD; FAITH
MCCREADY; CITY OF
EUGENE,

              Defendants.

Civ. No. 6:18-cv-01640-AA

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendants' Bill of Costs seeking costs in the amount of $19,094.12.  ECF No. 235.  Plaintiff has filed Objections to the Bill of Costs, ECF No. 241, Defendants have filed a Response, ECF No. 242, and Plaintiff has filed a Reply.  ECF No. 243.  The Court concludes that this matter is appropriate without oral argument.  For the reasons set forth below, the Bill of Costs is DENIED.

## LEGAL STANDARD

28 U.S.C. § 1920 provides that a "judge or clerk of any court of the United States may tax" six enumerated categories of expenses.  These "relatively minor, incidental expenses," *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012), serve to "define the full extent of a federal court's power to shift litigation costs absent

express statutory authority to go further." *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340 (2019) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 54(d)(1) creates a "presumption in favor of awarding costs to a prevailing party." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The losing party bears the burden of demonstrating why the costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). "Once the court determines that costs should be awarded, it falls to the party seeking costs to itemize its costs with sufficient detail to establish that they are taxable." *Merced v. United States*, Case No. 3:22-cv-01160-IM, 2025 WL 1451165, at *3 (D. Or. May 21, 2025).

## DISCUSSION

On September 10, 2016, Plaintiff Edgar T. Rodriguez was shot by police officers employed by Defendant City of Eugene. The claims in this case arose from that shooting. After extensive litigation and an eight-day trial, the matter was submitted to a jury, which rendered a verdict for Defendants. Defendants have filed a Bill of Costs under 28 U.S.C. § 1920 seeking costs in the amount of $19,094.12.

Plaintiff objects to the Bill of Costs because (1) of Plaintiff's limited financial resources and the economic disparity between the parties; (2) the case presented issues of substantial public importance; (3) the factual and legal issues were close and complex; and (5) because the award of costs would have a chilling effect on civil rights litigation.

### I.    Indigence

Although Rule 54(d)(1) creates a presumption in favor of awarding costs, it also "vests in the district court discretion to refuse to award costs." *Ass'n of Mex.-Am. Educators*, 231 F.3d at 591. The Ninth Circuit recognized that a "plaintiff's limited financial resources" is an appropriate reason to deny costs, *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014), and has stated that costs should be denied when a plaintiff "would be rendered indigent should [he] be forced to pay" the amount assessed. *Stanley*, 178 F.3d at 1080.

Defendants assert that Plaintiff has not provided sufficient proof of his indigency. However, the Ninth Circuit has never required the losing party to provide a "statement of assets and income and a schedule of expenses . . . to demonstrate indigency." *Cleveland v. The Behemoth*, No. 23-55108, 2024 WL 1926504, at *3 (9th Cir. May 2, 2024). "'There are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination.'" *Merced*, 2025 WL 1451165, at *4 (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463-64 (3d Cir. 2000)). "This common-sense inquiry allows a court to infer an inability to pay from the economic circumstances of the plaintiff." *Id*. Additionally, a plaintiff need not be "completely indigent" for his limited financial resources to weigh against an award of costs. *Knox v. City of Fresno*, 208 F. Supp.3d 1114, 1117 (E.D. Cal. 2016).

Here, the Court heard considerable testimony during the trial concerning Plaintiff's circumstances—he is a 100% disabled veteran and has demonstrated a

consistent inability to maintain employment. As Defendants point out, Plaintiff has started a number of companies, but the economic barriers to forming a company are low and the evidence was that these ventures do not generate meaningful revenue, if they generate any at all. Plaintiff apparently receives some benefits from his military service, but the sad reality is that those sums are never large. The Court concludes that Plaintiff is indigent and, even if Plaintiff were not presently indigent, the evidence of his economic circumstances indicates that he would be reduced to indigency by the taxing of over $19,000 in costs against him.

## II.    Chilling Effect

Courts must consider the "chilling effect of imposing . . . high costs on future civil rights litigants." *Ass'n of Mex.-Am. Educators*, 231 F.3d at 592 (internal quotation marks and citation omitted). Here, the costs sought by Defendants are substantial and district courts within the Ninth Circuit have found that allowing comparable costs would have a chilling effect on potential civil rights litigation. *See, e.g., Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, 566 F. Supp.2d 1168, 1170-1172 (E.D. Cal. 2008) (award of $32,353.84 would have a chilling effect); *Washburn v. Fagan*, No. C03-00869 MJJ, 2008 WL 361048, at *1-2 (N.D. Cal. Feb. 11, 2008) (costs of $16,268.71 would have a chilling effect). The Court also notes that the issues raised in the case and addressed in the trial—the use of deadly force by the police—are of substantial public importance. These factors weigh against an award of costs.

### III.    Other Factors

There are other factors that weigh against an award of costs.  As previously discussed, Plaintiff's financial means are limited and there is a significant disparity between the resources available to him and those available to Defendants.  *See Escriba*, 743 F.3d at 1248 (holding that a court may consider the economic disparity between the parties in determining whether to award costs).

Courts may also consider the "closeness and difficulty of the issues in the case." *Escriba*, 743 F.3d at 1248.  This case was extensively litigated and survived dispositive motions before proceeding to trial.  Resolution of the disputed factual issues required many days of testimony, including expert testimony, and the use of sophisticated scene reconstruction technology.  Ultimately, the case came down to which version of the disputed events the jury believed.  All these facts weigh in favor of a finding that the issues were close.  *See, e.g., Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016) (finding that the case was close where the plaintiff survived summary judgment and the case turned on "which competing account of events" the factfinder believed).  This also weighs against an award of costs.

In sum, the Court concludes that an award of costs would not be appropriate in this case based on Plaintiff's limited financial means, the economic disparity between the parties, the closeness and complexity of the issues, the public importance of the issues raised, and the potential chilling effect on future civil rights litigants. Accordingly, the Court will DENY Defendants' Bill of Costs.

## CONCLUSION

Defendants' Bill of Costs, ECF No. 235, is DENIED. The Court declines to award Defendants' costs in this matter.

It is so ORDERED and DATED this ____30th____ day of June 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge